## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH
## CIVIL ACTION NO. 5:06CV-P112-R

PATRICK C. MOODY                                                    PETITIONER

v.

COMMONWEALTH OF KENTUCKY                                            RESPONDENT

### OPINION AND ORDER

Petitioner Patrick C. Moody filed a Petition for Declaratory Relief under 28 U.S.C.

§ 2201 (DN 1) along with an application to proceed without prepayment of fees (DN 3).  On

review of the record, the Court will advise Petitioner of its intent to recharacterize his petition as

a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and deny the application to

proceed without prepayment of fees.

### I.

Petitioner reports that on February 26, 2004, in Christian Circuit Court, he was convicted

by a jury of first-degree trafficking in a controlled substance (first offense, cocaine) and first-

degree persistent felony offender.  He filed an appeal to the Kentucky Supreme Court, which

affirmed the conviction by opinion rendered August 25, 2005.  Petitioner claims that he was

denied effective assistance of appellate counsel when counsel failed to properly present a

"reversal issue" (that the trial court "erroneously denied [a] motion to recuse and abused its

discretion") to the Kentucky Supreme Court, which would not address the issue since it was not

briefed in accordance with Kentucky procedural rules.  Citing to *Lewis v. Commonwealth*, 42

S.W.3d 605, 615 (Ky. 2001), Petitioner argues that he has no available remedy in state court to

challenge his claim of ineffective assistance of appellate counsel "for it is not a cognizable issue

in Kentucky."  He thus seeks declaratory relief "as to whether or not he is entitled to a second

appeal due to ineffective assistance of appellate counsel or that the Commonwealth of Kentucky must provide some avenue of relief for defendants that were denied effective assistance of appellate counsel."

In addition to arguing a denial of his constitutional right to effective assistance of appellate counsel, Petitioner argues that "it was impossible for [him] to be afforded a fundamentally fair trial due to the lack of an impartial judge on the bench, thus violating his right to due process guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution."  He contends that "[t]he existence of such a defect, lack of an impartial judge, requires automatic reversal of the conviction because they infect the entire trial process," and he maintains that due to counsel's actions, his claim of judicial bias and impartiality is "procedurally barr[ed]."

Because it appears that Petitioner is mounting constitutional challenges against his conviction, is claiming that he has received a fundamentally unfair trial, appears to have exhausted available state-court remedies, and filed his petition for declaratory relief within the one-year limitations period for filing a federal petition for habeas relief,[1] the Court believes that

---

[1]Under § 2244(d)(1), "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  § 2244(d)(2).

the petition for declaratory relief is more appropriately characterized as a petition for writ of habeas corpus under 28 U.S.C. § 2254.  *See* § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.")

The Court warns Petitioner that recharacterization of his petition for declaratory relief to a petition under § 2254 subjects any subsequent § 2254 petition to the stringent restrictions on "second or successive" petitions.  *See* 28 U.S.C. § 2244(b)(1) & (2).[2]  Therefore, the Court will not recharacterize the petition for declaratory relief as a § 2254 petition for writ of habeas corpus until it provides Petitioner with an opportunity to withdraw the petition or to amend it so that it contains all the claims he believes he has.[3]

**WHEREFORE, IT IS ORDERED** that within **30 days** from entry of this Opinion and Order, **Petitioner shall notify this Court in writing whether he wishes to withdraw his petition or to amend it.  If Petitioner wishes to amend his petition, Petitioner must fill out a court-approved § 2254 form and return it to the Court**.  The **Clerk of Court is directed to**

---

[2]Under 28 U.S.C. § 2244(b),
(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii) the facts underlying the claims, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[3]On direct appeal, for instance, Petitioner asserted several claims of error, including a violation of a discovery order, insufficiency of the evidence, denial of his right to confrontation, and admission of a certified document (DN 1, Ex. G).

3

**send** Petitioner a form used for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**Petitioner's failure to respond within 30 days will result in dismissal of the action.**

**II.**

Having concluded that the action is more appropriately one arising under 28 U.S.C. § 2254, the Court advises Petitioner that there is a $5.00 filing fee for filing a habeas action. Review of Petitioner's application to proceed without prepayment of fees reveals that Petitioner had deposits totaling $1,690.10 in the six-month period preceding the filing of the petition and that his six-month average ending balance was $130.22.  The prison trust account information thus reveals Petitioner's ability to pay the $5.00 filing fee.

Accordingly, **IT IS ORDERED** that the application to proceed without prepayment of fees (DN 3) is **DENIED**.  Petitioner shall tender the **$5.00 filing fee** to the Clerk of this Court within **30 days** from entry of this Order.  Checks shall be made payable to **Clerk, U.S. District Court** and mailed to Office of the Clerk, United States District Court, Western District of Kentucky, 601 West Broadway, Ste. 106, Louisville, Kentucky 40202-2249.

**Petitioner's failure to tender the $5.00 filing fee within the time allowed will result in dismissal of the action.**

Date:

cc:      Petitioner, *pro se*
4413.005

4