UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**PATRICK MOODY**
    Petitioner

**v.**                                                                                            **No. 5:06CV-00112-R**

**JOHN MOTLEY, Warden**
    Respondent

**MEMORANDUM OPINION AND ORDER**

The respondent has filed a motion to dismiss, or alternatively, for extension of forty-five (45) days within which to respond to the merits of the petitioner's claims (Docket Entry No. 19). In his motion to dismiss, the respondent argues that the petition is subject to dismissal as a "mixed" petition containing both exhausted and unexhausted claims as contemplated by *Rose v. Lundy*, 455 U.S. 509 (1982).

*Rose v. Lundy* held that the district court may not consider a "mixed" petition and that a "mixed" petition must be dismissed. Hence, if the district court determines that a petition is mixed, it must either 1) with the petitioner's consent, convert the mixed petition into a fully-exhausted petition by dismissing all unexhausted claims, or 2) dismiss the mixed petition. For petitioners who exercised the second option, the understanding was that they were free to return to state court to exhaust all unexhausted claims and then return to district court to file a fully-exhausted petition.

The petitioner's second claim is that the trial judge erroneously denied his motion to recuse himself. Preliminarily, the magistrate judge concludes that this claim was not adequately presented to the state courts upon direct appeal. Hence, the respondent persuasively argues and we preliminarily conclude that the petition is a mixed petition as contemplated by *Rose v. Lundy*.

However, contrary to the respondent's position, the result of this conclusion is not an automatic dismissal of the entire petition. The petitioner is entitled to an election of his options under *Rose v. Lundy*.

As indicated above, under the first option under *Rose v. Lundy*, the petitioner may forego his second claim, in which case the court will consider his remaining claims on their merits. The second option under *Rose v. Lundy* has been modified. In 1996, Congress enacted a one-year statute of limitations for bringing federal habeas corpus petitions. 28 U.S.C. § 2244(d). "The combined effect of *Rose* and [the] limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims." *Pliler v. Ford*, 542 U.S. 225, 230 (2004). In an effort to protect petitioners from this new possibility, the federal circuits developed the so-called "stay and abeyance" procedure, which was intended to "serve as an alternative to simply denying a petition containing unexhausted claims when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of [the] one-year limitations period." *In re Bowen*, 436 F.3d 699 n.2 (6th Cir., 2006). Under the stay and abeyance procedure, the district court retains jurisdiction over mixed petitions and stays further proceedings pending complete exhaustion of state remedies. Id.

The Sixth Circuit approved of a procedure in which the district court stays the exhausted claims, dismisses the unexhausted claims without prejudice, gives the petitioner a brief interval (typically, 30 days after dismissal) to return to state court with the unexhausted claims, and then

2

gives the petitioner another 30 days after exhaustion to resubmit his petition. See *Palmer v. Carlton*, 276 F.3d 777 (6th Cir., 2002). In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court recognized the validity of "stay and abeyance" procedures similar to the one described in *Palmer*.

The state court record in this case indicates that, on or about August 25, 2005, the Supreme Court of Kentucky affirmed the petitioner's convictions upon direct appeal (Appendix, Docket Entry No. 19, pp. 48-58). On or about December 12, 2005, the present petition was timely filed (Docket Entry No. 1). On or about August 21, 2006, the petitioner filed a motion for collateral relief pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42 (Docket Entry No. 19, p. 62). According to the respondent, the denial of the petitioner's RCr 11.42 motion is presently pending before the Kentucky Court of Appeals.

The limitations period is not tolled during the pendency of a federal habeas petition. *Duncan v. Walker*, 533 U.S. 167 (2001). Therefore, if this court were to dismiss the present petition, the petitioner's one-year period appears to have commenced running on or about August 25, 2005, and was not tolled until almost a year later on or about August 21, 2006. See 28 U.S.C. § 2244(d)(1)(A) and (2). As a practical matter, the petitioner would have insufficient time to return to federal court upon exhaustion of his state court remedies to prevent expiration of the statute of limitations. Accordingly, the magistrate judge preliminarily concludes that, in the event the petitioner exercises his second option under *Rose v. Lundy*, the petitioner is entitled to "stay and abeyance." But see *Rhines v. Weber*, supra, at pp. 277-278 ("[S]tay and abeyance should be available only in limited circumstances. ... On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics").

It is therefore **ORDERED** that the petitioner shall, within thirty (30) days of the date of entry of this Order, advise the court in writing whether he elects to 1) withdraw his second claim from the present petition and have the court consider the merits of his remaining exhausted claims **or** 2) to have this court hold the petition in abeyance until such time as his second claim is exhausted by the decision of the Kentucky Court of Appeals ruling on the petitioner's pending 11.42 appeal. It is further **ORDERED** that, within thirty (30) days of the filing of the petitioner's election with this court, the respondent may file with the court any objection to the court's utilization of the "stay and abeyance" procedure and shall state any authority for such objection.