## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**PATRICK MOODY**
  Petitioner

**v.**               **No. 5:06CV-00112-R**

**JOHN MOTLEY, Warden**
  Respondent

### MAGISTRATE JUDGE'S REPORT
### and RECOMMENDATION

The petitioner has filed a pro-se petition and amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket Entry Nos. 1 and 7). This matter is before the court upon the respondent's motion to dismiss, or alternatively, for extension of forty-five (45) days in which to respond to the merits of the petitioner's claims (Docket Entry No. 19). The petitioner has responded in opposition to the motion to dismiss, the respondent has replied thereto, and the petitioner has filed a sur-reply (Docket Entry Nos. 21, 23, and 25). This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

In the petitioner's own words, the amended petition raises the following issues (Docket Entry No. 7):

**Claim 1:** Denial of effective assistance of appellate counsel.

**Claim 2:** Trial court erroneously denied petitioner's motion to disqualify and thereby abused its discretion as well as constituted a structural error.

**Claim 3:** Trial court erroneously denied dismissal of the indictment for Commonwealth's failing to comply with court order regarding discovery and disclosure of confidential informant who is a material witness.

**Claim 4:** Trial court erroneously denied the petitioner's motion for dismissal and for new trial.

**Claim 5:**  Trial court erroneously denied motion to dismiss and for continuance due to prosecutorial misconduct.

The respondent argues that the petition is subject to dismissal as a "mixed" petition containing both exhausted and unexhausted claims as contemplated by *Rose v. Lundy*, 455 U.S. 509 (1982).

On August 25, 2005, the Supreme Court of Kentucky affirmed the petitioner's convictions upon direct appeal.  See state court record at Docket Entry No. 19, pp. 48-58.  On or about December 12, 2005, the present petition was timely filed (Docket Entry No. 1).  On or about August 21, 2006, the petitioner filed a motion for collateral relief pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42 (Docket Entry No. 19, p. 62).  On October 13, 2006, Christian Circuit Judge John Atkins denied the RCr 11.42 motion (Docket Entry No. 19, pp. 64-65).  According to the respondent, the petitioner's appeal of the denial of his RCr 11.42 motion is presently pending before the Kentucky Court of Appeals, his notice of appeal being filed on April 26, 2007, and his appellate brief being due on June 25, 2007 (Docket Entry No. 19, p. 2).  The respondent further states that the petitioner's motion for additional time of sixty (60) days within which to file his appellate brief is currently pending before the Kentucky Court of Appeals (Docket Entry No. 23, p. 3).

### Claim 1

The petitioner did not present his first claim to the state courts, which deem it to be a non-cognizable issue.  Nevertheless, the magistrate judge concludes that the petitioner was excused from exhausting his first claim for the reasons persuasively articulated by Judge Caldwell in *Hale v. Chandler*, 2006 WL 3715781 (E.D.Ky.), to-wit:

Hale's claim of ineffective assistance of appellate counsel has ... not been fairly presented and exhausted in the state courts. However, there is no "available state corrective process", 28 U.S.C.A. § 2254(b)(1)(B)(I), for such constitutional issue because such claims are not generally cognizable in the state courts of Kentucky.FN2 The case law reflects that, for cases (like the present one) where the direct appeal was fully briefed and decided on the merits, such claims are not cognizable on post-conviction review in the state courts of Kentucky. See *Lewis v. Commonwealth*, Ky., 42 S.W.3d 605, 614 (2001)("[i]neffective assistance of appellate counsel is not a cognizable issue in this jurisdiction") ....  Absent an available state remedy, the exhaustion requirement should be excused for such issue.

FN2. Claims of ineffective assistance of appellate counsel present a constitutional issue, as criminal defendants have the right to effective legal representation on direct appeal. See *Douglas v. California*, 372 U.S. 353, 357-58 (1963) ....

### Claim 2

Exhaustion is satisfied after the petitioner fairly presents all his claims to the highest court in the state in which the petitioner was convicted, thus giving the state a full and fair opportunity to rule on the petitioner's claims before he seeks relief in federal court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  The exhaustion principle requires a state prisoner to invoke one full round of the state's established review procedures.  Id.  It does not "require prisoners to file repetitive petitions" nor does it require prisoners to "ask the state for collateral relief, based on the same evidence and issues already decided by direct review."  Id. at p. 844.  Therefore, exhaustion is satisfied with respect to any claim(s) that the petitioner presented in connection with his direct appeal and/or in connection with his RCr 11.42 motion.  If the petitioner shows that he fairly presented his second claim in connection with his concluded direct appeal, it is immaterial, for purposes of determining whether exhaustion was satisfied, that the petitioner also presented the claim in connection with a pending11.42 motion.

3

The parties agree that the petitioner presented his second claim in connection with his 11.42 motion, which is presently pending in the state courts.  However, the parties disagree as to whether the petitioner presented the claim in connection with his direct appeal.

The petitioner bears the burden of proving exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir., 1994).  Generally, a petitioner has adequately exhausted his state court remedies if he shows that he gave the state courts a full and fair opportunity to rule on a constitutional claim by fairly presenting its legal and factual basis to the state court in an appellate brief, regardless of whether the state court actually addressed the issue.  See *Whiting v. Burt*, 395 F.3d 602 (6th Cir., 2005).  Although it is sufficient to raise a claim in a reply brief, the petitioner has not alleged that he raised his second claim in a reply brief.  See *Rudoph v. Parke*, 856 F.2d 738 (6th Cir., 1988).

The Sixth Circuit has identified the following four actions that a petitioner can take that are significant to the determination of whether he has fairly presented his claim to the state courts:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*Whiting*, supra, at p. 613.

4

To his response in opposition to the motion to dismiss, the petitioner has appended a copy of a document that he apparently would have this court believe is a true and accurate copy of his appellate brief upon direct appeal (Docket Entry No. 21).  In his reply, the respondent submitted a copy of the petitioner's appellate brief as certified by the Clerk of the Supreme Court of Kentucky (Docket Entry No. 23).  The magistrate judge concludes that the probative evidence reflects that the document submitted by the respondent was the one that was before the state courts upon direct appeal.

The petitioner's second argument was articulated on two pages of what he apparently intended to be his appellate brief.  The first page is unnumbered in the respondent's version and appears after page 32.  The second page is numbered page 33.  Possibly by oversight, the first page was omitted from the document that the petitioner submitted to the Kentucky Supreme Court.  The argument was as follows *(the undersigned has emphasized the portion of the argument that was presented to the state courts)*:

ARGUMENT VIII
THAT THE TRIAL COURT ERRONEOUSLY DENIED
THE APPELLANT'S MOTION TO RECUSE AND THEREBY
ABUSED ITS DISCRETION

The Appellant made a motion to recuse and/or disqualify the trial judge because of comments from the bench that impugned the court's ability to be impartial.  TR p. 22.  Specifically, the Appellant asked that due to the judge's comments regarding the Appellant previously being convicted of money laundering evidenced judicial bias against the Appellant sufficient to require that the judge step aside, as well as, the fact that the judge while serving as Commonwealth Attorney unsuccessfully prosecuted the ...

(unnumbered page)

5

**Appellant.  The Appellant submits that these factors were sufficient to require that the trial judge disqualify and/or recuse himself from the case since it was apparent that he could not afford the Appellant a fair and impartial case.  See *Howerton v. Price*, Ky., 449 S.W.2d 746, 748 (1970).  The Appellant further submits that on review of the event that transpired leading up to and including the jury trial, coupled with the proceeding argument and citations the Appellant did not receive an impartial trial.  He is therefore entitled to relief of the conviction being reversed and he be given an opportunity to be retried before another judge.**

(p. 33)

The points and authorities section of the appellate brief does not indicate any argument concerning wrongful denial of a motion to recuse.  On the contrary, the petitioner's eighth argument is identified as "there was insufficient evidence to support the verdict of conviction."

In *Howerton v. Price*, Ky., 449 S.W.2d 746 (1970), the Kentucky Supreme Court prohibited McCracken Circuit Judge Brandon Price from presiding further as judge in a divorce proceeding because Judge Price was an "extremely close, personal friend of the defendant's father [who] although a member of an opposite political party, had been a vigorous and open supporter of Judge Price in an election held in November 1968."  In addition, in 1965, while still a practicing attorney, Judge Price advised the defendant which party he believed was "at fault."  *Howerton* did not employ a federal constitutional analysis.  The magistrate judge concludes that the above portions in **bold** failed to fairly present to the state court the legal and factual bases of the petitioner's second claim.  Therefore, the petitioner did not exhaust his second claim, and the petition is subject to dismissal as a "mixed" petition.

### Claims 3, 4, and 5

The parties agree that the petitioner presented claims three, four, and five in his RCr 11.42 motion and in his brief upon direct appeal.  Therefore, these claims were exhausted.  Nevertheless, the petition is a "mixed" petition because it contains an unexhausted second claim.

6

## The petitioner's election under *Rose v. Lundy*

The petitioner's second claim is that the trial judge erroneously denied his motion to recuse himself.  For the reasons indicated above, the magistrate judge agrees with the respondent that the petitioner failed to exhaust his state court remedies with respect to this claim.  Hence, the petition is "mixed" as contemplated by *Rose v. Lundy*, 455 U.S. 509 (1982).  However, contrary to the respondent's argument, the result of this conclusion is not an automatic dismissal of the entire petition.  The petitioner is entitled to an election of his options.  *Rose v. Lundy* held that, if the district court determines that a petition is mixed, it must either 1) with the petitioner's consent, convert the mixed petition into a fully-exhausted petition by dismissing all unexhausted claims, or 2) dismiss the mixed petition.   Under the first option, the petitioner may forego his second claim, in which case the court should consider his remaining claims on their merits.

On July 6, 2007, having preliminarily concluded that the petition is mixed, the undersigned entered a Memorandum Opinion and Order, putting the petitioner on terms to advise the court in writing whether he elected to withdraw his second claim and have the court consider the merits of his remaining exhausted claims or to have the court hold his entire petition in abeyance until such time as his second claim is exhausted by the decision of the Kentucky Court of Appeals ruling on his pending 11.42 appeal (Docket Entry No. 24).  On July 30, 2007, the petitioner gave his "consent to the conversion of the mixed petition into a fully-exhausted petition by dismissing all unexhausted claims" (Docket Entry No. 26).

7

## RECOMMENDATION

The magistrate judge RECOMMENDS that the petitioner's second claim be voluntarily DISMISSED; that the motion to dismiss, or alternatively, for extension of forty-five (45) days in which to respond to the merits of the petitioner's claims (Docket Entry No. 19) be GRANTED in part and DENIED in part; and that within forty-five (45) days of entry of an Order adopting this report, the respondent be ordered to respond to the merits of the petitioner's remaining exhausted claims as supplemented by the petitioner at Docket Entry No. 27.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).