UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:06-CV-00112-TBR

PATRICK C. MOODY                                                  PETITIONER

v.

JOHN MOTLEY, Warden                                        RESPONDENT

**OPINION AND ORDER**

This matter is before the Court on Petitioner Patrick C. Moody's Motion for Reconsideration (Docket #54). Petitioner's motion is unopposed. This matter is now ripe for adjudication. For the following reasons, Petitioner's motion is DENIED.

In 2006, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2245, an amended petition, and a supplemental petition. Petitioner alleged five claims: (1) he was denied effective assistance of appellate counsel upon direct appeal in state court when his appellate counsel failed to present the issue of the trial judge's refusal to recuse and disqualify himself from the case; (2) the trial judge erred and violated Petitioner's due process rights when he refused to recuse and disqualify himself from the case; (3) the trial court erred when it denied Petitioner's motion to dismiss the indictment; (4) the trial court erred when it denied Petitioner's motion for dismissal and a new trial; and (5) the trial court erred when it denied Petitioner's motion to dismiss and for a continuance due to prosecutorial misconduct. Respondent then moved for summary judgment, or alternatively, to dismiss. Adopting the magistrate judge's recommendation, the Court granted Respondent's motion for summary judgment and denied Petitioner's writ. Petitioner now moves for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).

Rule 59(e) allows a party to file a motion to reconsider a final order or judgment within

ten days of entry. Fed. R. Civ. P. 59(e); *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). A court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id.* A Rule 59(e) motion to alter does not provide a plaintiff with another opportunity to argue the merits of his case. *Id.*

The Court denies Petitioner's motion for two reasons. First, Petitioner's motion is untimely filed. Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of judgment." Pursuant to Federal Rule of Civil Procedure 6(b)(2), the Court has no authority to extend the time to act under Rule 59(e). The Court issued its Order and Judgement on June 20, 2008. Petitioner had until June 30, 2008 to file his motion for reconsideration with the Court. Because Petitioner did not file his motion until July 9, 2008, the Court finds that the motion must be dismissed as untimely filed.

Second, even if Petitioner had timely filed his motion, it would nonetheless be dismissed because Petitioner does not offer newly discovered evidence or argue that a clear error of law was committed. Instead, Petitioner simply reargues the merits of his first claim, challenging the case law cited by the magistrate judge in his report and recommendation. Because Rule 59(e) does not provide an opportunity for Petitioner to reargue the merits of his case, the Court finds that his motion must be dismissed.

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion for Reconsideration is DENIED.